UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

In Re:

Case No.: _____

Judge: _____

Chapter: 13

# CHAPTER 13 DEBTOR'S CERTIFICATION IN OPPOSITION

The debtor in this case opposes the following **(choose one)**:

1. ☐ Motion for Relief from the Automatic Stay filed by _____ , creditor,

    A hearing has been scheduled for _____, at _____.

    ☐ Motion to Dismiss filed by the Chapter 13 Trustee.

    A hearing has been scheduled for _____, at _____.

    ☐ Certification of Default filed by _____,

    I am requesting a hearing be scheduled on this matter.

2. I oppose the above matter for the following reasons **(choose one)**:

    ☐ Payments have been made in the amount of $ _____, but have not been accounted for. Documentation in support is attached.

☐ Payments have not been made for the following reasons and debtor proposes repayment as follows (**explain your answer**):

☐ Other (**explain your answer**):

3. This certification is being made in an effort to resolve the issues raised in the certification of default or motion.

4. I certify under penalty of perjury that the above is true.

Date: _____     _____
                                  Debtor's Signature

Date: _____     _____
                                  Debtor's Signature

**NOTES:**

1. Under D.N.J. LBR 4001-1(b)(1), this form must be filed with the court and served on the Chapter 13 Trustee and creditor, if applicable not later than 7 days before the date of the hearing if filed in opposition to a Motion for Relief from the Automatic Stay or Chapter 13 Trustee's Motion to Dismiss.

2. Under D.N.J. 4001-1 (b)(2), this form must be filed with the court and served on the Chapter 13 Trustee and creditor, if applicable not later than 14 days after the filing of a Certification of Default.

*rev.8/1/15*

From the date of Modification until we received the Motion for Relief on 01/09/2018, We, Glenda and Ranilo Alip, has no information as to how much money that we paid directly to Bayview and thru the Trustee were accumulated to be applied to the monthly payments after the Modification. Because of the lack of information, we were left with our own estimation, in good faith, that we were more or less updated in payments until August of 2017. This explains why we resume payment in September 2017 only (After having paid in the months of Nov and Dec 2016, and Jan, April and May of 2017).

We also want to point out respectfully, as a matter of fact, that we only received the signed and notarized Modification document sometime in July 2017. We even erroneously thought that the start of our Modification was in February 2017 instead of November 2016, which, in hindsight, must have also contributed to our confusion.

In August 2017, after having received the Loan Modification document, we made a call to Bayview asking for accounting of payments so that we exactly know where we are in the modification. The representative kindly told us that we cannot get any information except thru our lawyer or to that effect. With that information, we emailed our lawyer to communicate with Bayview for a statement of account.

On August 31, 2017, we finally received thru our lawyer a copy of the statement of account / application of payment from Bayview. As persons without background in accounting, we find the statement very confusing. In short, it did not help us correct our earlier erroneous belief that we were current until August 2017. In addition, there is still no clear information therein, how much was the accumulated fund creditable to our account.

On November 2017, we were surprised to receive an offer for Trial Payment. We called Bayview again. They told us, there was an offer because we were 5 months behind. We told the representative that we believed we were probably 1-2 months behind or, at most, 3 months behind. The representative kindly stated that they will review their records and advise as to review also our own. In the meantime, we made a payment over the phone in the amount of $2,600 (which is not reflected in the present Motion for Relief). We were thinking that if we were right then we have just made another monthly payment; And if Bayview was right, they could consider that as our first Trial Payment.

In December 2017, we were unable to make a payment because we have not raised enough money yet owing to the Christmas season.

By first week of January 2018 we have enough money equivalent to the 2nd Trial payment but we received the Motion for Relief already from our lawyer who advised us to set aside the money until we have resolved the case.

We, Glenda and Ranilo Alip, express our desire to keep and stay in our house. We fully recognize and acknowledge our obligation and now fully understand what happened to our account after the Modification. We take full responsibility for what happened. The aforementioned facts are reasons, and not an excuse for our mishandling the loan account. With that we pray that we can resolve this by your acceptance of our proposal :

1. Apply our November payment to the account to reduce our arrears
2. We pay $4,600 additionally and immediately to reduce further our arrears
3. Allow us to pay the monthly Trial Payment starting February 2018 as earlier proposed by Bayview
4. Continue the monthly Trial payment until we can modify the loan accordingly.

Respectfully
Glenda Alip (mortgagor)    Ranilo Alip (spouse)    1/19/18